UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT ALBERS and CATHERINE
ALBERS

                    Plaintiffs,

          v.

NATIONSTAR MORTGAGE LLC,

                    Defendant.

NO. CV-09-5058-EFS

**ORDER DENYING AND DENYING AS
MOOT IN PART DEFENDANT'S
MOTION TO DISMISS**

     Before the Court, without oral argument, is Defendant Nationstar
Mortgage, Inc.'s ("Nationastar") Motion to Dismiss (Ct. Rec. 22), which
seeks dismissal of the Complaint under Federal Rule of Civil Procedure
12(b)(6) and (c).   Plaintiffs Robert and Catherine Albers oppose the
motion as it relates to the claims asserted by Plaintiffs.   For the
reasons stated below, the Court denies and denies as moot Nationstar's
motion and dismisses this action.

**A.   Background**[1]

     Plaintiffs borrowed money and used their home as collateral.   The
lender agreed to impound amounts for property taxes and hazard insurance.

---

     [1]   The "background" section is based on the Complaint's factual
allegations.   (ECF No. 1); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
(2009).

ORDER ~ 1

1    During 2008, GMAC Mortgage, LLC ("GMAC") serviced Plaintiffs' loan,
2  including managing the "impound account" from which GMAC paid Plaintiffs'
3  property taxes and hazard insurance.  GMAC, however, overpaid the county
4  property taxes owed by Plaintiffs.  Following this overpayment, GMAC
5  attempted to collect additional funds from Plaintiffs.  Plaintiffs
6  repeatedly informed GMAC that it overpaid the property taxes.  GMAC,
7  however, refused to correct its accounting and instead began diverting
8  Plaintiffs' timely principal and interest payments to the impound
9  account.  GMAC then alleged that Plaintiffs' principal and interest
10  payments were in default.

11    Nationstar then began servicing the loan and likewise alleged that
12  Plaintiffs' loan was in default.  Nationstar repeatedly threatened
13  foreclosure.

14    On July 14, 2009, Plaintiffs filed the Complaint, alleging 1)
15  Nationstar violated the Fair Debt Collections Practices Act (FDCPA), 15
16  U.S.C. § 1692 *et seq.*, 2) GMAC violated the Real Estate Settlement
17  Procedures Act (RESPA), 12 U.S.C. § 2605, and 3) both Nationstar and GMAC
18  violated the Washington Consumer Protection Act (CPA), RCW 19.86 *et seq.*
19  GMAC answered on August 25, 2009 (ECF No. 5), and Nationstar answered on
20  April 26, 2010 (ECF No. 11).

21    On July 15, 2010, Plaintiffs and GMAC agreed to dismiss the claims
22  against GMAC.  (ECF Nos. 15 & 16.)  On August 24, 2010, a Scheduling
23  Order was entered setting trial on Plaintiffs' remaining claims against
24  Nationstar on July 11, 2011.  (ECF No. 21.)  Nationstar filed the instant
25  motion to dismiss on November 12, 2010.  (ECF No. 22.)
26  ///

ORDER ~ 2

**B.    Standard**

A Rule 12(b)(6) motion to dismiss may be filed post answer.  Fed. R. Civ. P. 12(h)(2).  And because Nationstar's motion does not go to the merits of the action but rather focuses on the Complaint's allegations, this Rule 12(b)(6) motion is properly considered under Rule 12(c) (judgment on the pleadings) and not Rule 56 (summary judgment).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief.  *Twombly*, 550 U.S. at 555.  In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

**C.   Authority and Analysis**

Nationstar seeks dismissal of the wrongful-foreclosure, CPA, intentional infliction of emotional distress, FDCPA, and RESPA claims. Because the Complaint does not allege wrongful foreclosure, intentional infliction of emotional distress, or RESPA claims against Nationstar, the motion to dismiss is **denied as moot in part**.  For the following reasons,

1  the Court denies Nationstar's motion to dismiss Plaintiffs' asserted CPA
2  and FDCPA claims.
3       1.   <u>FDCPA</u>
4       The  FDCPA  prohibits  "debt  collectors"  from  engaging  in  the
5  enumerated  unlawful  debt  collection  practices,  which  includes  "false,
6  deceptive  or  misleading  representations."   15  U.S.C.  §§  1692a  &  1692e.
7  Nationstar  submits  dismissal  is  appropriate  because  it  is  not  a  debt
8  collector.   The  Court  disagrees  based  on  the  alleged  facts.
9       A  "debt  collector"  includes  any  person  "who  regularly  collects  or
10  attempts  to  collect,  directly  or  indirectly,  debts  owed  or  due  or
11  asserted  to  be  owed  or  due  another."   *Id.*  §  1692a(6).   A  "debt"  is
12  defined  as  "any  obligation  or  alleged  obligation  of  a  consumer  to  pay
13  money  arising  out  of  a  transaction  in  which  the  money,  property,
14  insurance,  or  services  which  are  the  subject  of  the  transaction  are
15  primarily  for  personal,  family,  or  household  purposes,  whether  or  not
16  such  obligation  as  been  reduced  to  judgment."   *Id.*  §  1692a(5).
17       Defendant  relies  on  *Hulse v. Ocwen Federal Bank, FSB*,  195  F.  Supp.
18  2d  1188  (D.  Or.  2002),  to  argue  that  the  loan  is  not  a  debt  for  FDCPA
19  purposes.   The  district  court  in  *Hulse*  held  that  non-judicial  foreclosure
20  actions  are  not  a  "debt"  under  the  FDCPA  because  "[f]oreclosing  on  a
21  trust  deed  is  distinct  from  the  collection  of  the  obligation  to  pay
22  money. . . .   Payment  of  funds  is  not  the  object  of  the  foreclosure
23  action.   Rather,  the  lender  is  foreclosing  its  interest  in  the  property."
24  *Id.*  at  1204.   *Hulse*'s  reasoning  has  been  rejected  by  the  Fifth  and  Fourth
25  Circuits.   *Wilson v. Draper & Goldberg, P.L.L.C.*,  443  F.3d  373,  378  (4th
26  Cir.  2006);  *Kaltenbach v. Richards*,  464  F.3d  524,  528  (5th  Cir.  2006).

Plus, other courts have not applied *Hulse*'s reasoning if the defendant engaged in conduct other than simply initiating non-judicial foreclosure proceedings. *See Castrillo v. Am. Home Mortg. Serv., Inc.*, 670 F. Supp. 2d 516, 525 (E.D. La. 2009) (discussing case law).

The Court likewise does not adopt *Hulse*'s reasoning. The Court finds no reason to create a loophole in the FDCPA immunizing foreclosure proceedings used to collect debt secured by a real property interest. *See Wilson*, 443 F.3d at 376. Based on the Complaint's allegations that Nationstar 1) began servicing Plaintiffs' loan after it was allegedly in default, 2) maintained the position that Plaintiffs' loan was in default notwithstanding Plaintiffs' continued tender of loan payments, and 3) repeatedly threatened foreclosure, the Court finds Plaintiffs' alleged sufficient facts to support their FDCPA claim.

2.  CPA

To support their CPA claim, Plaintiffs must allege sufficient facts to establish a:

> (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.

*Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Nationstar argues that Plaintiffs cannot establish an unfair or deceptive act or any injury resulting therefrom. The Court disagrees.

As mentioned above, the Complaint alleges that Nationstar repeatedly threatened to foreclose on the property notwithstanding Plaintiffs' timely loan payments: this could constitute an unfair act that injured Plaintiffs.

ORDER ~ 5

**D.    Conclusion**

Accordingly, **IT IS HEREBY ORDERED:**  Nationstar's Motion to Dismiss **(Ct. Rec. 22)** is **DENIED AS MOOT** (wrongful foreclosure, intentional infliction of emotional distress, and RESPA claims) **and DENIED** (FDCPA and CPA claims) **IN PART.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___3rd___ day of January 2011.


_____
S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2009\5058.dismiss.wpd

ORDER ~ 6